IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| DENIS A. SPRADLIN,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Michael J. Astrue, Commissioner  )<br>of Social Security Administration,  )<br>  )<br>    Defendant.  )<br>_____) | C/A No. 6:06-915–CMC–WMC<br><br>**O R D E R** |

    This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner"). The matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this court.

    For the reasons set forth below, the court adopts the Report in part and remands the matter to the Commissioner for further proceedings. The court declines to adopt that portion of the Report which recommends that this court reverse the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and direct that Plaintiff be awarded benefits.

    **Nonetheless, the court expresses its serious concerns regarding the delay in final resolution of this matter. The court strongly encourages the Commissioner to take whatever action is necessary to expedite review of this matter and to avoid any further procedural errors on remand.**

## I.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court as to dispositive matters. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.  The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the

record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. REPORT AND OBJECTIONS

The Report recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g), and that the court direct that Plaintiff be awarded benefits. *See* Report at 17. The Commissioner objects solely to the directive to award benefits, asserting that the appropriate remedy would be to remand for further proceedings under sentence four of 42 U.S.C. § 405(g).

## III. DISCUSSION

The circumstances presented in this case do not, in the undersigned's opinion, rise to the level necessary to justify outright reversal. *See, e.g., INS v. Ventura*, 537 U.S. 12, 16 (2002) (stating that, when a court sitting in an appellate capacity reverses an administrative agency decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"– quoting *Florida Power & Light Co., v. Lorion,* 470 U.S. 729, 744 (1985)); *Hall v. Harris,* 658 F.2d 260, 266 (4th Cir. 1981) (holding that remand for further proceedings is generally the proper remedy when an administrative law judge errs in evaluating a social security claimant's residual functional capacity). This is, most critically, because despite the repeated errors and resulting delay, it is not clear that Plaintiff is entitled to an award of benefits. For these reasons, the undersigned concludes that remand, rather than reversal with a directive to award benefits, is the proper course.

## IV. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge except as to the recommendation that the court direct an award of benefits. The matter is remanded for further proceedings sufficient to cure the deficiencies noted in the Report and Recommendation.

IT IS SO ORDERED.

 s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 28, 2007

C:\Documents and Settings\guest\Local Settings\Temp\notes6030C8\06-915 -- spradlin adpt in part R&R-remand.wpd